FILED
Feb 07, 2024
03:26 PM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **TIMOTHY TOWNSEND,** | ) | **Docket No. 2022-03-0693** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 35311-2022** |
| **UNIVERSAL FOREST** | ) | |
| **PRODUCTS,** | ) | **Judge Pamela B. Johnson** |
| **Employer.** | ) | |

---

## ORDER DENYING ATTORNEY FEES

---

Timothy Townsend seeks attorney fees for Universal Forest Products's delay in authorizing a recommended surgery under an open medical benefits provision in a settlement agreement. The authorized treating physician recommended surgery in late June; it took place in December. Whether that delay was too long is the subject of this order. For the reasons below, the Court finds that under these circumstances, it was not. Therefore, Mr. Townsend did not prove by a preponderance of the evidence that he is entitled to attorney fees.

### History of Claim

Mr. Townsend injured his low back while operating a forklift at work on June 2, 2020. After the claim settled, his authorized treating physician, Dr. Paul Johnson, recommended surgery. Universal Forest did not immediately authorize it, so Mr. Townsend filed a petition seeking medical benefits and attorney fees.

The parties did not introduce Dr. Johnson's post-settlement office notes, including his surgery recommendation, or take his deposition. The facts are taken from the affidavits of Mr. Townsend and his attorney and the parties' prehearing briefs.

According to Mr. Townsend, Dr. Johnson recommended surgery in late June and scheduled it for early August.

At the end of July, Universal Forest asked Dr. Johnson to address the cause for the

1

need for a "S1 joint arthrodesis" surgery. In its letter, it noted that a recent MRI did not show any obvious pathology explaining Mr. Townsend's ongoing S1 joint pain. It asked Dr. Johnson whether the June 2, 2020 work accident contributed more than 50% in causing Mr. Townsend's current need for S1 joint surgery. Dr. Johnson did not immediately respond to the letter.

Near the end of August, Mr. Townsend sent his own letter to Dr. Johnson. He informed Dr. Johnson that he had lifetime medical benefits and asked whether the need for surgery arose primarily from the "work-related injury of *August 1, 2019*" and whether the surgery was both reasonable and medically necessary. (Emphasis added). The same day, Dr. Johnson replied "yes" to both questions. Mr. Townsend sent Dr. Johnson's response to Universal Forest.

After repeated requests for a response to its letter, Universal Forest received Dr. Johnson's response on the last day of October. Dr. Johnson marked "yes" and wrote that Mr. Townsend's S1 pain related to the L5-S1 fusion, which was necessitated by his work injury. He further noted that the normal MRI was additional evidence of his current problems not being due to other factors. Universal Forest notified Mr. Townsend in mid-November that it authorized the surgery.

Mr. Townsend argued the delay in authorizing surgery was unreasonable and asked for attorney fees under Tennessee Code Annotated section 50-6-226(d).

### Findings of Fact and Conclusions of Law

Mr. Townsend has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Sols.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He must prove by a preponderance of the evidence that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6).

Under the settlement, Mr. Townsend is entitled to lifetime medical treatment. The treatment must be causally related to the original work injury and reasonable and necessary. *Id.* at -204(a)(1)(A). The parties did not introduce any post-settlement office notes from Dr. Johnson, including his surgery recommendation, and did not take his deposition. Instead, each party sent Dr. Johnson a letter asking him to address the cause of the need for the recommended surgery.[1]

---

[1] Letters addressing medical causation and/or the reasonableness and necessity of treatment may be excluded at a compensation hearing through valid objection under the Tennessee Rules of Evidence. Tenn. Comp. R. & Regs. 0800-02-21-.15(2) (2023). Neither party objected to the causation letter submitted by the opposing party. Therefore, the Court considers Dr. Johnson's response to each.

Dr. Johnson did not immediately answer the letter first sent by Universal Forest, which specifically asked him to explain the cause of the need for the recommended surgery considering a recent normal MRI. Dr. Johnson finally responded two months after the request, and after receiving his explanation, Universal Forest authorized the surgery.

In the interim, Dr. Johnson replied to Mr. Townsend's letter, which referenced an August 2019 injury date different from the June 2020 injury date in the settlement. Mr. Townsend's letter did not ask for any explanation on why the most recent MRI was normal at the same level as the proposed surgery level.

Considering the authorization delay at issue, Dr. Johnson purportedly recommended surgery in late June. Universal Forest sent Dr. Johnson its causation letter on that last day of July and received his response on the last day of October. Then, Universal Forest authorized the surgery in mid-November, which was performed a month later.

Mr. Townsend argued that he is entitled to attorney fees under section 226(d)(1)(A) and (B). Section 226(d)(1) states that the Court may award attorney fees when the employer: (A) fails to furnish appropriate medical treatment to an employee provided for in a settlement or (B) unreasonably denies a claim or unreasonably fails to timely initiate medical benefits. *Id.* However, section 226(d)(1)(B) is inapplicable to post-settlement future medical disputes. In this case, only section 226(d)(1)(A) applies.

Applying these facts to section 226(d)(1)(A), Universal Forest did not fail to furnish the recommended surgery. Instead, before authorizing the surgery, it asked Dr. Johnson to address the cause for the need for surgery when the recent MRI was normal.

Under these circumstances, the Court cannot find Universal Forest's delay in authorizing surgery unreasonable. Universal Forest authorized the surgery within two weeks of Dr. Johnson's response to its letter, which explained with specificity the cause for the need for surgery. Moreover, Dr. Johnson's response to Mr. Townsend's causation letter related the need for surgery to a *2019* injury date, not the *2020* injury date with lifetime future medical benefits, and it did not explain the cause of the need for surgery considering the recent normal MRI.

The Court concludes Mr. Townsend did not prove by a preponderance of the evidence that Universal Forest's delay was unreasonable. Therefore, Mr. Townsend's request for attorney fees is denied.[2]

---

[2] Mr. Townsend also requested that Universal Forest be referred to the Compliance Program for the imposition of penalties. However, this is not one of the benefits/remedies available to injured workers under sections 118, 204 or 207. In this case, since the Court did not find Universal Forest's actions unreasonable, a penalty referral is unwarranted.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Townsend's request for attorney fees is denied.

2. Universal Forrest Products shall pay the $150.00 filing fee within five business days of entry of this order, for which execution may issue.

3. Unless appealed, this order shall become final 30 calendar days after entry.

**ENTERED February 7, 2024.**



**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical Record:

1. Petition for Settlement Approval Only, June 21, 2022, (original award) with complete settlement documents attached
2. Petition for Settlement Approval Only, June 20, 2023, (increased benefits) with complete settlement documents attached
3. Petition for Benefit Determination, September 29, 2023
4. Employee's Additional Issue to Dispute Certification Notice
5. Dispute Certification Notice
6. Expedited Hearing Request
7. Declaration of Timothy Townsend
8. Employee's Prehearing Brief
   Ex. 1 Prior Settlement Documents (redacted as duplicates)
   Ex. 2 Employee's Causation Letter from Dr. Paul Jonson
   Ex. 3 Unsigned Fee Affidavit of Attorney Michael Fisher
9. Employer's Objection to Employee's Expedited Hearing Request for On-The-Record Decision
10. Order Denying Expedited Hearing Request and Setting Scheduling Hearing
11. Docketing Notice for On-The-Record Compensation Hearing
12. Employer's Notice of Filing Medical Opinion Letter from Dr. Paul Johnson
13. Employer's Prehearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as shown on February 7, 2024.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Michael Fisher<br>Employee's Attorney | | X | michael@rockylawfirm.com |
| Richard Clark<br>Employer's Attorney | | X | rclark@eraclides.com |

*Penny Shrum*

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

    Groceries      $ _____ per month      Telephone    $ _____ per month

    Electricity      $ _____ per month      School Supplies $ _____ per month

    Water         $ _____ per month      Clothing     $ _____ per month

    Gas          $ _____ per month      Child Care   $ _____ per month

    Transportation $ _____ per month      Child Support $ _____ per month

    Car          $_____ per month

    Other        $ _____ per month (describe: _____ )

10. Assets:

    Automobile       $ _____      (FMV) _____

    Checking/Savings Acct. $ _____

    House           $ _____      (FMV) _____

    Other           $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____